UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT GEORGE SCHIRADELLY,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>MINNEHAHA COUNTY, SECOND DIST.; THE ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA, MARTY JACKLEY; AND WARDEN TERESA BETTINGER;<br><br>　　　　　　Respondents. | 4:23-CV-04072-LLP<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>Docket No. 10 |

　　This matter is pending before the court on Robert George Schiradelly's *pro se* habeas petition pursuant to 28 U.S.C. § 2254. See Docket Nos. 1 & 4. Mr. Schiradelly has moved the court for the appointment of counsel on his behalf at the court's expense. Docket No. 10.

　　"There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. Id. The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B). "Whenever the United States magistrate judge or the court determines that the interests of justice so

require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28. 18 U.S.C. § 3006A(a)(2)(B).

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. Hoggard, 29 F.3d at 471 (citations omitted). "In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." Id. Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

The court has screened Mr. Schiradelly's petition and noted that his petition may be untimely and unexhausted, requiring dismissal. To date, Mr. Schiradelly has sufficiently explained what his claims are and the relief he seeks acting pro se. For all these reasons, it is hereby

ORDERED that Mr. Schiradelly's motion for the appointment of counsel [Docket No. 10] is denied.

DATED this 30th day of October, 2023.

BY THE COURT:

*Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge